UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ROBERT J. COX,

                         Plaintiff,

   v.

WILLIAM EFFIRD, et. al

                         Defendants.

Action No. 3:10–CV–321

MEMORANDUM OPINION

Plaintiff, who is pro se, has submitted this civil action. The matter is before the Court on Plaintiff's failure to comply with the Court's Order entered on July 30, 2010.

I. Procedural History

Federal Rule of Civil Procedure 8 requires that a pleading contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Plaintiff's original complaint did not comply with the above requirements. Plaintiff's original complaint failed to identify the basis for the Court's jurisdiction and did not contain a short and plain statement of his claims for relief. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not . . . without limits."). Accordingly, by Order entered on June 24, 2010, the Court directed Plaintiff, within fourteen (14) days of the date of entry thereof, to particularize his complaint in conformance with the following directions and in the order set forth below:

1

    a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:10CV321."

    b. The first paragraph of the complaint must identify the basis for the Court's jurisdiction.

    c. The second paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

    d. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

The Court warned Plaintiff that the failure to comply with the foregoing directions would result in dismissal of the action. See Fed. R. Civ. P. 41(b). After Plaintiff filed another Complaint that did not comply with the Court's Order, the Court allowed him another opportunity to particularize the Complaint in the same manner as listed in the Court's first Order, directing him to file a particularized complaint within eleven (11) days of entry of that July 30, 2010 Order. Again, the Court warned Plaintiff that the failure to comply would result in dismissal of the action.

## II. Plaintiff's Response to the July 30, 2010 Order

On August 11, 2010, Plaintiff filed a Motion for Extension of Time to File his Particularized Complaint, which the Court granted. Thereafter, on August 23, 2010, the Court received Plaintiff's third proposed particularized complaint.

Plaintiff's particularized Complaint, however, does not comply with the Court's directions. Plaintiff does not identify the basis for the Court's jurisdiction, and fails to provide a short, coherent statement of the facts giving rise to his claims for relief. Additionally, Plaintiff has failed to clearly

identify each civil right violated and provide a coherent explain explanation as to why he believes each defendant is liable. "Even pro se plaintiffs must recognize Rule 8's vision for 'a system of simplified pleadings that give notice of the general claim asserted, allow for the preparation of a basic defense, narrow the issues to be litigated, and provide a means for quick dispositions of sham claims.'" Sewraz v. Guice, No. 3:08cv00035, 2008 WL 3926443, at *1 (E.D. Va. 2008) (quoting Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)), aff'd 318 F. App'x 228 (4th Cir. 2009) (No. 08-8173), available at 2009 WL 726013, at *1. Furthermore, it does not appear that Plaintiff's complaint can readily be brought into compliance with Federal Rule of Civil Procedure 8(a)(2). Given these deficiencies and Plaintiff's repeated failure to comply with the Court's instructions, the action will be DISMISSED WITHOUT PREJUDICE.

 Let the Clerk send a copy of this Memorandum Opinion to Plaintiff and all parties of record.
 An appropriate Order shall issue.

>                    /s/
> James R. Spencer
> Chief United States District Judge

ENTERED this 31st day of August 2010